**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DARWIN CAMILO CUELLAR BARRETO; JACOBO CUELLAR ALVAREZ; IVANIA NIYERETH ALVAREZ ESCOBAR,

Petitioners,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-5235

Agency Nos.
A246-826-737
A246-836-752
A246-836-792

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 20, 2025[**]
Submission Deferred October 24, 2025
Submitted December 16, 2025
San Francisco, California

Before: PAEZ, BEA, and FORREST, Circuit Judges.

Petitioners Darwin Camilo Cuellar Barreto, Ivania Niyereth Alavarez

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Escobar, and their minor son (collectively, Petitioners) are natives and citizens of Colombia and petition for review of the Board of Immigration Appeals' (BIA) decision affirming an immigration judge's (IJ) denial of asylum, withholding of removal, and protection under the Convention Against Torture (CAT). The IJ denied Petitioners relief after finding that Alvarez Escobar lacked credibility, and that, regardless, Petitioners' claims failed on the merits. The BIA affirmed, holding that, even assuming Petitioners were fully credible, their claims failed on the merits. We deny the petition.

1. *Adverse-Credibility Determination.* Petitioners assert that the IJ's adverse-credibility determination lacked substantial evidence. But where, as here, "the BIA conducts its own review of the evidence and law, rather than adopting the IJ's decision, our review is limited to the BIA's decision, except to the extent the IJ's opinion is expressly adopted." *Guerra v. Barr*, 974 F.3d 909, 911 (9th Cir. 2020) (quoting *Rodriguez v. Holder*, 683 F.3d 1164, 1169 (9th Cir. 2012)). Because the BIA did not rely on the IJ's adverse-credibility determination when conducting its own review, we do not consider this issue. *Id.*

2. *Asylum.* "To be eligible for asylum, a petitioner has the burden to demonstrate a likelihood of 'persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.'" *Sharma v. Garland*, 9 F.4th 1052, 1059 (9th Cir. 2021) (quoting

8 U.S.C. § 1101(a)(42)(A)); *see also* 8 U.S.C. § 1158(b)(1)(B)(i). "The source of the persecution must be the government or forces that the government is unwilling or unable to control." *Singh v. Garland*, 57 F.4th 643, 652 (9th Cir. 2023) (quoting *Canales-Vargas v. Gonzales*, 441 F.3d 739, 743 (9th Cir. 2006)). We review the BIA's legal conclusions de novo and its underlying factual determinations for substantial evidence. *Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022).

Even assuming that the harms suffered by Petitioners in the past amount to persecution and that Petitioners have a well-founded fear of persecution upon returning to Colombia, the BIA determined that Petitioners "have not demonstrated that the Colombian authorities were or would be unable or unwilling to protect them." Petitioners do not challenge this finding in their opening brief, so any such argument is forfeited. *Hernandez v. Garland*, 47 F.4th 908, 916 (9th Cir. 2022). And regardless, nothing in the record compels the conclusion that the Colombian government would be unwilling or unable to protect them.[1]

    **2.**     ***CAT.*** "CAT prohibits removal of a noncitizen to a country where the noncitizen likely would be tortured." *Nasrallah v. Barr*, 590 U.S. 573, 580 (2020).

---

[1] To the extent that Petitioners raise a withholding-of-removal claim in their petition for review, the same reasoning applies. *See Reyes-Reyes v. Ashcroft*, 384 F.3d 782, 788 (9th Cir. 2004) (noting that withholding of removal requires either that government agents inflict the persecution, or that the government be unable or unwilling to control the agent of the threat to Petitioners' life and freedom).

"To qualify for deferral of removal under CAT," a petitioner must "show (1) that he would 'more likely than not' be tortured if removed [to his country of origin], and (2) that the torture would be inflicted with government acquiescence." *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022) (quoting 8 C.F.R. § 208.16(c)(2)). "In order to constitute torture, an act must be specifically intended to inflict severe physical or mental pain or suffering." *Acevedo Granados v. Garland*, 992 F.3d 755, 764–65 (9th Cir. 2021) (quoting 8 C.F.R. § 1208.18(a)(5)). We again review the BIA's legal conclusions de novo and fact findings for substantial evidence. Substantial evidence supports the BIA's conclusion that Petitioners did not demonstrate that they were likely to be tortured, or that any such torture would occur by or with the acquiescence of the Colombian government. *Lalayan v. Garland*, 4 F.4th 822, 840 (9th Cir. 2021).

**PETITION DENIED.**